**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SITO MOBILE R&D IP, LLC, and<br>SITO MOBILE, LTD.,<br><br>                              Plaintiffs,<br><br>v.<br><br>SFA HOLDINGS INC. f/k/a/ SAKS<br>INCORPORATED,<br><br>                              Defendant. | Case No. 1:23-cv-00688-RP |

**DEFENDANT SFA HOLDINGS INC.'S**
**OPPOSED MOTION TO STAY PENDING RESOLUTION OF**
**TRUE DEFENDANT'S DECLARATORY JUDGMENT ACTION**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.    FACTS AND PROCEDURAL HISTORY ........................................................ 4

III.    ARGUMENT ...................................................................................................... 6

    A.    Legal Standard ........................................................................................ 6

    B.    The Court Should Stay this Case Because  the Customer-Suit Exception
        Factors are Satisfied ................................................................................ 8

        i.    Saks is a "Mere Reseller" for Purposes of the Customer-Suit Exception........ 8

        ii.    Saks Agrees to be Bound by the Outcome of the Declaratory Suit, and
            Any Damages Would be Paid by Bambuser .................................................. 9

        iii.    Bambuser is, and Assumes the Role of, the Major Source of the
            Accused Technology .................................................................................... 10

    C.    Staying this Case Pursuant to the Customer-Suit Exception Promotes
        Efficiency and Judicial Economy ...................................................................... 11

    D.    The General Stay Factors Weigh in Favor of Staying This Case ........................ 14

        i.    A Stay Will Not Unduly Prejudice SITO or Present a Clear Tactical
            Disadvantage ................................................................................................ 14

        ii.    A Stay Will Simplify the Issues in Question Because the Declaratory
            Suit Will be Dispositive of the Major Issues Present in This Case ............... 15

        iii.    Discovery is Not Complete and No Trial Date Has Been Set ....................... 16

IV.    CONCLUSION ................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Anderson v. Red River Waterway Comm'n,*
    231 F.3d 211 (5th Cir. 2000) ............................................. 14

*Canales v. Michaux,*
    No. 1:18-CV-507-RP, 2019 WL 13153212 (W.D. Tex. Dec. 9, 2019) ............................... 13

*CyWee Grp. Ltd. v. Huawei Device Co.,*
    No. 2:17-CV-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018)............................... 7

*Glenayre Elecs. Inc. v. Jackson,*
    443 F.3d 851 (Fed. Cir. 2006)............................................ 12

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.,*
    No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017)................. 8, 14

*GreatGigz Sols., LLC v. Costco Wholesale Corp.,*
    No. 6-21-CV-00807, 2022 WL 1037114 (W.D. Tex. Apr. 6, 2022) ........................... *passim*

*In re Google Inc.,*
    588 F. App'x 988, 991 (Fed. Cir. 2014) ............................................ 7, 8, 11, 15

*In re Nintendo of Am., Inc.,*
    756 F.3d 1363 (Fed. Cir. 2014)................................................ 6, 7, 11

*Katz v. Lear Siegler, Inc.,*
    909 F.2d 1459 (Fed. Cir. 1990)................................................ 6, 7

*Kerotest Mft. Co. v. C-O-Two Fire Equip. Co.,*
    342 U.S. 180 (1952)................................................ 12

*Landis v. N. Am. Co.,*
    299 U.S. 248 (1936)................................................ 14

*Lighthouse Consulting Grp., LLC v. Truist Bank,*
    No. 2:19-CV-00340-JRG, 2020 WL 6781977 (E.D. Tex. Apr. 7, 2020) ........................... 6, 8

*Spread Spectrum Screening LLC v. Eastman Kodak Co.,*
    657 F.3d 1349 (Fed. Cir. 2011)................................................ 6, 7, 11

*SyncView Techs., LLC v. Grande Commc'ns Networks, LLC,*
    No. A-18-CV-00412-LY, 2019 WL 7758916 (W.D. Tex. Sept. 23, 2019)....................... 6, 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*
   759 F.3d 1307 (Fed. Cir. 2014) ........................................................................... 15

*WSOU Invs., LLC v. ZTE Corp.*,
   No. 6-20-CV-00487-ADA, 2021 WL 3474009 (W.D. Tex. Aug. 6, 2021) ........................ 13

**STATUTES**

28 U.S.C. § 1391(b) ........................................................................................... 14

28 U.S.C. § 1400(b) ........................................................................................... 13

## I.    INTRODUCTION

Defendant SFA Holdings Inc. f/k/a Saks Incorporated ("Saks") respectfully moves the Court to stay this case pending the resolution of a presently pending declaratory judgment action (the "Declaratory Suit") filed by Bambuser AB ("Bambuser"), the company that provided to Saks the allegedly infringing video streaming technology.  The Declaratory Suit will address the non-infringement and invalidity of the exact same patents at issue here. That suit also involves the exact same patent holders and the exact same allegedly infringing technology at issue here. The Declaratory Suit is pending in the District of New Jersey, in an action captioned: *Bambuser AB v. SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.*, C.A. No. 2:23-cv-21757. Bambuser, although not a party to the present action, has acknowledged its contractual obligation to defend Saks in this case. New Jersey is where the plaintiffs in this case – SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively, "SITO") – <u>both</u> have their principal place of business.

The Declaratory Suit will also resolve the same questions concerning another alleged infringer who is a customer of Bambuser (the "Second Customer"). In addition to this case, SITO recently sent a 76-page unfiled patent infringement complaint to the Second Customer. (Declaration of Jeffrey I. Kaplan ("Bambuser Decl.") ¶ 7). That unfiled complaint was accompanied by a letter threatening that SITO plans to file that complaint in a lawsuit against the Second Customer. (*Id.* at ¶ 8). That letter and complaint each alleged infringement of the same patents in suit here, implicating the same Bambuser technology supplied to Saks and also at issue here. (*Id.*). SITO threatened to file that additional lawsuit <u>in the United States District Court for the Southern District of New York</u>. (*Id.* at ¶ 9). That customer has similarly turned to Bambuser for defense of that additional lawsuit. (*Id.* at ¶ 10). Accordingly, this points towards allowing the Declaratory Suit to proceed while this Court stays its proceedings.

1

This District, other district courts in the Fifth Circuit, and the Court of Appeals for the Federal Circuit have all repeatedly held that, under the "customer-suit exception," when certain factors are met, a declaratory judgment action by a manufacturer and indemnitor – such as Bambuser – takes precedence over patent infringement suits against the indemnitor's customers – <u>even if the Declaratory Judgment action is filed second</u>.

All three factors are satisfied here because: (1) Saks is a "mere reseller" of the accused technology, (2) Saks agrees to be bound by the outcome of the Declaratory Suit, and (3) Bambuser is the provider of the Accused Technology. As a practical matter, a stay here makes sense because Bambuser is the real party in interest, and should not be forced to defend the same technology against the same patents in multiple forums around the country. A stay also makes sense from the perspective of judicial economy – to have multiple forums and judges around the country all concurrently adjudicating the same complex issues of patent claim construction, prior art, infringement, etc. would be inefficient, overly burdensome on the judicial system, and could lead to inconsistent decisions. Such concerns apply with special force to the present facts, where SITO asserts overlapping allegations concerning up to 156 lengthy and technical patent claims in six different patents, requiring every court overseeing a similar case by SITO to become knowledgeable about these patents, as well as the art and operation of complex video streaming technology.

 SITO has not revealed against how many more Bambuser customers, in how many more forums around the country, SITO plans to pursue infringement actions on the same patents concerning the same underlying technology. But Bambuser already faces demands by its clients to defend them in multiple courts across the country concerning the identical technology and

patents. There will be efficiencies for all parties and the judicial system if these issues are litigated once, in a case involving the real parties in interest – Bambuser and SITO.

It makes sense that the Declaratory Suit was filed in the United States District Court for the District of New Jersey. New Jersey is where SITO has its principle place of business and apparently all of its employees. The assigned courthouse is a half-hour drive from Saks' New York City main office. SITO's own attorneys appear to be based in Washington D.C. and Virginia, each of which is closer to New Jersey than to Texas. And the Declaratory Suit will resolve not only the issues raised by the instant case, but also the overlapping (and, in many cases, identical) issues raised by SITO against Bambuser's Second Customer. If left unchecked, there is reason to believe that SITO will bring additional claims against other Bambuser customers (likely in other jurisdictions), resulting in an avalanche of duplicative, wasteful, expensive litigation across the country.

Furthermore, as between this case and the Declaratory Suit, only the Declaratory Suit has been filed in an appropriate forum for resolving the infringement and validity of the Asserted Patents because Saks is not subject to jurisdiction in Texas and venue is improper. The defendant entity, SFA Holdings Inc., is incorporated in Tennessee, has no offices or employees in Texas, and does not own or operate any stores in Texas, or elsewhere. (Declaration of Michael J. Zinna ("Saks Decl.") ¶ 4). Accordingly, Saks is simultaneously filing a motion to dismiss this action for lack of personal jurisdiction, improper venue, and failure to state a claim. Of course, if this Court chooses to grant that motion to dismiss, this motion to stay will become moot. Conversely, if this action is stayed, the motion to dismiss likely will not need to be decided, depending on how the Declaratory Suit is resolved.

For all of these reasons, Saks respectfully requests the Court to stay this case – under both the customer-suit exception and the applicable general stay factors – pending final resolution of the Declaratory Suit.

## II.    FACTS AND PROCEDURAL HISTORY

On June 16, 2023, SITO filed this lawsuit, alleging that Saks, a department store chain headquartered in New York, New York, has infringed U.S. Pat. Nos. 7,191,244 ("the '244 patent"); 8,015,307 ("the '307 patent"); 8,554,940 ("the '940 patent"); 9,349,138 ("the '138 patent"); 10,735,781 ("the '781 patent"); and 10,769,675 ("the '675 patent") (collectively, the "Asserted Patents") by using video streaming technology that SITO alleges infringes the Asserted Patents. SITO describes this allegedly infringing technology as the "Saks Video Streaming Service," as described in paragraphs 17-20 of the Complaint, and as "a system for streaming media that includes the Saks Steaming Platform, as well as other Saks networks, systems, devices, components, and/or services for streaming media" (collectively, the "Accused Technology"). (Complaint ¶¶ 17-20, 53, 67, 84, 100, 115, 132).

On August 22, 2023, Saks requested that Bambuser defend and indemnify Saks in relation to the instant suit pursuant to the terms of the agreement governing the relationship between Saks and Bambuser. (Saks Decl. ¶ 6). On or around September 8, 2023, based upon the information in the Complaint and the information provided by Saks, Bambuser agreed to defend Saks in relation to the above-captioned suit and indemnify Saks for any infringement by Bambuser's video-streaming product. (*Id.* at ¶ 7). No other technology vendor has agreed to defend or indemnify Saks for this action. (*Id.* at ¶ 8).

On or about October 6, 2023, SITO sent a draft complaint to another Bambuser customer citing the same six patents in this suit, and threatening to sue the Second Customer for patent infringement. (Bambuser Decl. ¶¶ 7-9). The accused technology cited in SITO's draft complaint

sent to the Second Customer is supplied to the Second Customer by Bambuser, and the Second Customer has also sought defense and indemnity from Bambuser. (*Id.* at ¶ 10, Ex. A, D.N.J. Complaint ¶ 10).

SITO has not named Bambuser as a party to this action; nor did it identify Bambuser as an addressee of its threatening letter regarding the Second Customer. (*Id.* at ¶ 8).

On November 1, 2023, Bambuser filed the Declaratory Suit in the U.S. District Court for the District of New Jersey seeking a declaration of non-infringement and invalidity of the Asserted Patents. (*Id.* at ¶ 11, Ex. A, D.N.J. Complaint). Bambuser asserts in the Declaratory Suit that all of the patent claims asserted by SITO against Saks, and threatened to be asserted against the Second Customer, are invalid and/or not infringed. Therefore, all of the patent claims asserted against Saks overlap with those contested by Bambuser in the Declaratory Suit.

To avoid burdening this Court with this motion, Bambuser, acting in defense of Saks, first approached counsel for SITO to ask if they would consent to the stay of this action based upon the customer-suit exception. SITO delayed responding to this inquiry for at least two weeks while Saks and Bambuser patiently waited. Ultimately, SITO's counsel announced that they would not consent. Within three days thereafter, SITO, *without warning or prior discussion*, filed a motion in the Declaratory Suit, attempting to stay *that* action in deference to this action, even though this action does not even name the Second Customer or Bambuser (the plaintiff in the Declaratory Suit) as a party to this case. (*Id.* at ¶ 12). SITO's motion to stay the Declaratory Suit omitted any mention of the customer-suit exception, which counsel had discussed at length, and which is discussed *infra.* (*Id.*). SITO's motion is presently being briefed in New Jersey. At a minimum, SITO's unnecessary "surprise motion" shows that SITO's counsel has no difficulty or hesitation when it comes to litigating in the District of New Jersey.

## III.    ARGUMENT

The Court should stay this case in favor of the Declaratory Suit filed by Bambuser, the true party-in-interest, for two reasons: 1) the customer-suit exception applies; and 2) the traditional stay factors are also met here.

### A.    <u>Legal Standard</u>

The customer-suit exception to the first-to-file rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *SyncView Techs., LLC v. Grande Commc'ns Networks, LLC*, No. A-18-CV-00412-LY, 2019 WL 7758916, at *2 n.2 (W.D. Tex. Sept. 23, 2019 (granting stay of patent infringement suit based on customer-suit exception) (*quoting Katz v. Lear Siegler, Inc*., 909 F.2d 1459, 1464 (Fed. Cir. 1990)). The customer-suit exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *SyncView Techs.*, 2019 WL 7758916 at *2 n.2 (*quoting In re Nintendo of Am., Inc*., 756 F.3d 1363, 1365 (Fed. Cir. 2014)). Consequently, "[c]ourts apply the customer [suit] exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *SyncView Techs.*, 2019 WL 7758916 at *2 n.2 (*quoting Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011)).

Notably, the customer suit exception is just that – <u>an exception</u> – to the first to file rule. As such, Courts routinely stay infringement actions in favor of a <u>later filed</u> declaratory judgment action. *See, e.g., GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114 (W.D. Tex. Apr. 6, 2022); *Lighthouse Consulting Grp., LLC v. Truist Bank*, No. 2:19-CV-00340-JRG, 2020 WL 6781977 (E.D. Tex. Apr. 7, 2020); *SyncView Techs.*, 2019 WL 7758916.

To warrant a stay of the customer's suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *GreatGigz Sols.*, 2022 WL 1037114 at *2 (*quoting Spread Spectrum,* 657 F.3d at 1358 (*citing Katz*, 909 F.2d at 1464)). Courts are "instructed to use a 'flexible approach' to avoid wasteful expenditure of resources, and therefore 'stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected.'" *GreatGigz Sols.*, 2022 WL 1037114 at *2 (*quoting In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014)); *see also In re Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination." (citations omitted)).

Courts analyze three factors when determining whether the customer-suit exception applies: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *GreatGigz Sols.*, 2022 WL 1037114 at *2 (*citing CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018)). These factors should be analyzed with the understanding that "the guiding principles in the customer suit exception cases are efficiency and judicial economy." *GreatGigz Sols.*, 2022 WL 1037114 at *2 (*citing Spread Spectrum*, 657 F.3d at 1357).

When considering a stay not based on the customer-suit exception, courts typically consider four factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *GreatGigz*

*Sols.*, 2022 WL 1037114 at *2 (*citing Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*, No. 6:20-CV-00316-ADA, 2021 WL 4555803, at *3 (W.D. Tex. Oct. 4, 2021)).

The Court has authority to stay this case based on either the customer-suit exception or the general stay factors and need not find that both grounds support a stay.

**B.    The Court Should Stay this Case Because
the Customer-Suit Exception Factors are Satisfied**

The customer-suit exception applies here because all of the relevant factors are met.

**i.    Saks is a "Mere Reseller" for Purposes of the
Customer-Suit Exception**

In the context of the customer-suit exception, the term "mere reseller" includes not only traditional resellers of physical manufactured goods, but also customers or end users that purchase and use a manufacturer's software or web-based products in furtherance of their own business. *See GreatGigz Sols.*, 2022 WL 1037114 at *3 (granting stay based on customer-suit exception to end user of accused online shopping software); *Lighthouse Consulting Grp.*, 2020 WL 6781977 at *1 (granting stay based on customer-suit exception to customer of accused mobile check depositing software). This is consistent with the purpose of the exception to avoid judicial waste by advancing the suit involving the true defendant—the manufacturer or creator of the accused product. *See Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *10 (E.D. Tex. Jan. 25, 2017) ("[A] 'flexible approach' should be applied, regardless of whether a customer Defendant is really a reseller of another Defendant's technology, which includes 'staying proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected'" by application of the exception) (*citing In re Google*, 588 F. App'x at 991).

Saks is clearly a mere reseller of the Accused Technology. Saks is a customer of Bambuser, who created, licensed, white-labeled, and supplied Saks with video streaming

technology. (Bambuser Decl. ¶ 4). Saks merely uses the Bambuser product in furtherance of its business operations and plays no role in the creation of the accused technology supplied by Bambuser. (Saks Decl. ¶ 9).

In furtherance of its role as the manufacturer of video-streaming technology supplied to Saks and based on information in the Complaint and provided by Saks, Bambuser has agreed to defend and indemnify Saks in accordance with the terms of the agreement governing the relationship between Saks and Bambuser. (Bambuser Decl. ¶¶ 5-6). Another Bambuser customer has made a similar request to Bambuser upon receiving a draft complaint from SITO alleging that technology provided to the Second Customer by Bambuser infringes the same six Asserted Patents. (*Id.* at ¶¶ 7-10, Ex. A, D.N.J. Complaint ¶ 10). Saks is in the same position as the Second Customer—being accused of infringement by SITO for, as it currently seems, technology created and provided by Bambuser, despite merely being Bambuser's customers.

Bambuser filed the Declaratory Suit in an effort to re-direct the burden of litigation from its customers to where it rightfully belongs, with Bambuser. There is no reason for Saks, a mere customer of Bambuser, to be embroiled in litigation with SITO—much less in Texas when both Saks and SITO are both located within a half hour drive from the New Jersey court—while a case between SITO and Bambuser is pending.

This factor favors application of the customer-suit exception.

      **ii.**     **Saks Agrees to be Bound by the Outcome of the Declaratory Suit, and Any Damages Would be Paid by Bambuser**

Saks agrees to be bound by the outcome of the Declaratory Suit, which concerns all of the Asserted Patents. (Saks Decl. ¶ 11). That is dispositive for this factor. *See GreatGigz Sols.*, 2022 WL 1037114 at *3.

Even without such agreement, this factor would be satisfied because Bambuser is party to the Declaratory Suit and has agreed to defend and indemnify Saks. Thus, there is no danger of Saks seeking to re-litigate the issues in this case to avoid any negative outcome in the D.N.J. case, since Bambuser, and not Saks, is on the hook for any such outcome. The most efficient way forward is to resolve the already filed Declaratory Suit first, since Bambuser is a party to that action.

This factor favors application of the customer-suit exception.

### iii. Bambuser is, and Assumes the Role of, the Major Source of the Accused Technology

Bambuser is providing Accused Technology to Saks, and based on Saks' reading of the Complaint, Bambuser is the only manufacturer providing the Accused Technology to the company. Put another way, Saks does not get what it obtains from Bambuser from another vendor too. SITO's allegations in the Complaint are so vague that it is impossible to know whether SITO might subsequently accuse the technology of another Saks vendor of infringement, but at present it currently appears that the Accused Technology is sourced from Bambuser. And, as is undeniably the case, Bambuser has at this time assumed the role of the major source of the Accused Technology when it agreed to defend and indemnify Saks in this suit. As a result, Bambuser is on the hook for any loss related to any portion of its Accused Technology that is found to infringe on the Asserted Patents. No other technology vendor has agreed to defend or indemnify Saks in relation to the above-captioned action. (Saks Decl. ¶ 8).

Even if another entity were to step in to defend and/or indemnify Saks, a stay would still be warranted because, regardless of the source of the Accused Technology, the Declaratory Suit will resolve the major issues of claim construction, invalidity, etc., related to the Asserted Patents. That resolution will be unaffected even if some portion of the Accused Technology is

ultimately attributed to another vendor. However, as things now stand, Bambuser is providing a complete defense to Saks and it is understood that the case is about Bambuser's technology.

This factor favors a stay. *See GreatGigz Sols.*, 2022 WL 1037114 at *3.

*      *      *

Accordingly, all factors of the customer-suit exception weigh in favor of staying SITO's case against Saks pending the resolution of the Declaration Suit.

### C.   Staying this Case Pursuant to the Customer-Suit Exception Promotes Efficiency and Judicial Economy

"[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted). Both the Declaratory Suit and this case involve the same main issues – infringement and validity of the Asserted Patents. A stay of the present case until the Declaratory Suit is resolved will avoid duplicative discovery and briefing. This will result in "substantial savings of litigation resources" for the parties and the Court. *See In re Google*, 588 F. App'x at 991. Furthermore, a stay will place the burden of patent litigation involving the Accused Technology on the true defendant, Bambuser, rather than Saks, who will lack all of the critical product information needed to defend its case. *In re Nintendo,* 756 F.3d at 1365. Additionally, if SITO's case against Saks were to proceed, SITO would undoubtedly need to seek discovery from Bambuser, who is a third-party in this action. Discovery would be far more efficient in the Declaratory Suit where both Bambuser and SITO are parties.

It is judicially efficient to advance the Declaratory Suit instead of this one because the resolution of the Declaratory Suit will resolve this case, or at least substantially limit the issues in this case. The Declaratory Suit involves the same "major issues" of liability and damages as this

suit as it concerns the infringement and validity of the same six patents asserted by SITO here. The Declaratory Suit will adjudicate the patent related issues of claim construction, validity, prosecution history estoppel, etc., and the applicability to the same accused technology of up to 156 total patent claims contained in the same six patents at issue here.

If the Asserted Patents are deemed non-infringed or invalid in the Declaratory Suit, that should be dispositive of SITO's claims against Saks. *See, e.g., Kerotest Mft. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185-86 (1952) (judgment in favor of a manufacturer accused of infringing patent bars suit against customers). Alternatively, if SITO prevails against Bambuser in the Declaratory Suit and collects damages, SITO should have exhausted its remedies as a patent holder and will be precluded from collecting damages for the same infringing products from Bambuser's customers, such as Saks and the Second Customer. *See, e.g., Glenayre Elecs. Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (plaintiff precluded from seeking damages from customers because damages were already collected from manufacturer).

Even if the Declaratory Suit is not entirely dispositive of this case, it will significantly limit the issues to be considered here. A single, comprehensive *Markman* hearing will take place in the Declaratory Suit. Additionally, arguments concerning claim terms to be construed, prior art analysis, any defenses asserted under 35 U.S. Code § 112, the patent file history, the scope of equivalents, and other issues, will all be resolved in the Declaratory Suit and need not be litigated in this Court.

Staying this case in lieu of the Declaratory Suit also promotes judicial economy by allowing for multiple similar cases to be resolved all at once. SITO has already sued Saks and has threatened suit against the Second Customer concerning Bambuser's technology and the Asserted Patents, in a totally different venue. (Bambuser Decl. ¶¶ 7-10, Ex. A, D.N.J. Complaint

¶ 10). The Declaratory Suit will resolve both of these disputes and any other potential suits against Bambuser customers on the same grounds.

Additionally, allowing multiple litigations to proceed against Bambuser customers, instead of a single case in the District of New Jersey, would give SITO the license to unfairly use its "nuisance value" settlement philosophy as a way of fomenting multiple litigations that cost more to defend than SITO demands as a settlement. It is much more efficient, and fairer, to have one resolution between SITO and the real party in interest, Bambuser, who has the economic wherewithal and incentive to resolve the case on its merits.

Furthermore, the Declaratory Suit does not face the same jurisdictional barriers as this suit. This Court lacks jurisdiction over Saks because the defendant entity, SFA Holdings, Inc., is not incorporated in Texas, has no offices or employees in Texas, and does not own or operate any stores in Texas. *See Canales v. Michaux*, No. 1:18-CV-507-RP, 2019 WL 13153212, at *3-4 (W.D. Tex. Dec. 9, 2019) (Pitman, J.) (dismissing suit based on lack of personal jurisdiction where defendants were not incorporated in Texas, did not have their principal places of business in Texas, and where alleged facts insufficiently linked defendants' conduct to Texas); (Saks Decl. ¶ 4). The Western District of Texas is also an improper venue pursuant to the Patent Venue Statute because SFA Holdings, Inc. does not reside in Texas, is not incorporated in Texas, and does not have a regular and established place of business in Texas. 28 U.S.C. § 1400(b). Even if Saks committed acts of infringement in Texas, which it could not have as SFA Holdings Inc. does no business there, that alone would not be sufficient for venue. *See WSOU Invs., LLC v. ZTE Corp.*, No. 6-20-CV-00487-ADA, 2021 WL 3474009, at *3-4 (W.D. Tex. Aug. 6, 2021) (dismissing suit pursuant to 28 U.S.C. § 1400(b) despite allegations of infringement where

defendants neither resided nor had a regular and established place of business in Texas).[1] The Declaratory Suit faces no such problems as both SITO entities have their principle place of business in New Jersey, and thus, venue is proper under 28 U.S.C. § 1391(b). (Complaint ¶¶ 2-3).

In short, the Declaratory Suit is the far more efficient vehicle to resolve the issues in this case because the Declaratory Suit involves the true parties in interest, Bambuser and SITO, and will resolve the major issues, if not all issues, present in this case. Accordingly, staying this case pursuant to the customer-suit exception will be in the best interests of judicial economy.

### D.    The General Stay Factors Weigh in Favor of Staying This Case

Even absent the customer-suit exception, a trial court has "broad discretion to stay an action to promote judicial economy." *GreatGigz Sols.*, 2022 WL 1037114 at *1 (*citing Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Here, the general stay factors also demonstrate that a stay is in the interest of efficiency and judicial economy.

### i.    A Stay Will Not Unduly Prejudice SITO or Present a Clear Tactical Disadvantage

A stay will not unduly prejudice SITO because the major issues present in its suit against Saks will be heard in the Declaratory Suit, in which SITO is a party. *See Glob. Equity Mgmt. (SA) Pty.*, 2017 WL 365398 at *10. In fact, the Declaratory Suit expressly concerns the validity

---

[1] Saks has simultaneously filed a motion to dismiss this action for lack of personal jurisdiction, improper venue, and failure to state a claim. *See* Dkt. No. 9.

and infringement of the six Asserted Patents. (Bambuser Decl., ¶ 11, Ex. A, D.N.J. Complaint ¶¶ 6-8).

A stay would also not unduly delay any potential enforcement of SITO's patent rights. *See GreatGigz Sols.*, 2022 WL 1037114 at *3. The Declaratory Suit has already been filed and both cases are at an early stage—no answers have been filed and no trial dates have been set. As the Declaratory Suit is being litigated concurrently, staying this action will not delay the resolution of the validity and infringement of the Asserted Patents. Even if SITO were to be awarded monetary relief in this suit following the resolution of the Declaratory Suit, a stay would not disadvantage SITO with regard such recovery, as any potential monetary relief will remain available to it. *VirtualAgility Inc. v. Salesforce.com, Inc.* 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy").

Additionally, the venue of the District of New Jersey does not disadvantage SITO, as both SITO entities have their principal place of business in New Jersey. *See In re Google*, 588 F. App'x at 991 ("Wise judicial administration must also take into consideration the comparative convenience of both venues for resolving the matter"); (Complaint ¶¶ 2-3). Since both SITO plaintiffs here are located in New Jersey, Bambuser believed the New Jersey suit would avoid arguments over a convenient venue.

This factor favors a stay.

        **ii.    A Stay Will Simplify the Issues in Question Because the Declaratory Suit Will be Dispositive of the Major Issues Present in This Case**

Saks has agreed to be bound by the outcome of the Declaratory Suit. (Saks Decl. ¶ 11). Even if Saks had not agreed, resolution of the Declaratory Suit will resolve the present suit, or at

minimum greatly simplify the issues. *See GreatGigz Sols.*, 2022 WL 1037114 at *3. The Declaratory Suit seeks a declaration of invalidity and non-infringement of the same six patents asserted in this case. (Bambuser Decl. ¶ 11, Ex. A, D.N.J. Complaint ¶¶ 6-8). Thus, if those patents are found to be invalid or not infringed, that will be dispositive of SITO's infringement claims here. If Bambuser is held liable to SITO for infringing the same patents, then recovery by SITO in the Declaratory Suit will exhaust SITO's rights as a patent holder against Saks. *See GreatGigz Sols.*, 2022 WL 1037114 at *3.

Additionally, SITO has threatened litigation against another Bambuser customer alleging that the same technology provided by Bambuser infringes the same six Asserted Patents from this suit. (Bambuser Decl. ¶¶ 7-10, Ex. A, D.N.J. Complaint ¶ 10). The Declaratory Suit seeks to resolve the major issues related to both this suit and the threatened suit against the Second Customer. It is much more efficient to resolve the issues related to the Asserted Patents in one action in D.N.J. than in multiple actions throughout the country.

Staying this case in favor of the Declaratory Suit will effectively eliminate the burden on this Court's (and likely other court's) resources. This factor favors a stay.

### iii.    Discovery is Not Complete and No Trial Date Has Been Set

This case is in a very early stage. Saks has not yet filed an answer to the Complaint, discovery has not begun, and no trial date has been set. Consequently, this final factor also weighs in favor of a stay.

## IV.    CONCLUSION

For the foregoing reasons, the Court should stay this case pending final resolution of the Declaratory Suit.

Dated: December 13, 2023

Respectfully submitted,

KELLEY DRYE & WARREN LLP


By: */s/ Michael J. Zinna/*
Michael J. Zinna (admitted in W.D.Tex.)
Vincent M. Ferraro (admitted in W.D.Tex.)
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: MZinna@kelleydrye.com
Email: VFerraro@kelleydrye.com

*Attorneys for Defendant*
*SFA Holdings Inc. f/k/a/ Saks Incorporated*

## **CERTIFICATION OF CONFERENCE**

This motion is made pursuant to Local Rule CV-7(g). Counsel for Bambuser, acting in defense of Saks, met and conferred with counsel for SITO from November 13, 2023 through November 27, 2023. Counsel for SITO stated that SITO opposes the relief requested herein. (Saks Decl. ¶ 12).

Dated: December 13, 2023

By: */s/ Michael J. Zinna/*
Michael J. Zinna

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this 13th day of December 2023, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated: December 13, 2023

By: *<u>/s/ Michael J. Zinna/</u>*
Michael J. Zinna