**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| SITO MOBILE R&D IP, LLC, and SITO MOBILE, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SFA HOLDINGS INC. f/k/a/ SAKS INCORPORATED, <br><br> Defendant. | Case No. 1:23-cv-00688-RP <br><br> Jury Trial Demanded |

**PLAINTIFF SITO MOBILE R&D IP, LLC, AND SITO MOBILE, LTD.'S OPPOSITION
TO SFA HOLDINGS INC.'S MOTION TO STAY PENDING RESOLUTION OF
ITS INDEMNITOR BAMBUSER AB'S DECLARATORY JUDGMENT ACTION**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. The customer suit exception does not apply because Bambuser has agreed to defend and indemnify Saks in the WDTX first-filed case. ..................................... 2

    B. Bambuser's "second customer" arguments are irrelevant, speculative and wrong. ........................................................................................................................ 5

    C. There are no judicial economy or efficiency concerns warranting a stay here; Bambuser is the party that has multiplied the litigation and created duplicative work for the courts and parties. .................................................................................. 7

    D. Sak's motion to dismiss should be denied and is not relevant to this motion to stay. ........................................................................................................................... 8

    E. The traditional stay factors are not applicable in light of *Microsoft v. Data Tern*. ................................................................................................................. 9

III. CONCLUSION .................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Early Warning Services, LLC, v. William Grecia et. al*,
  2021 U.S. Dist. Lexis 147548, C.A. No. 21-1050 (E.D. Pa. August 6, 2021) ...............4, 5, 6, 8

*Finisar Corp., v. Capella Photonics, Inc.*,
  2021 U.S. Dist. LEXIS 41077, C.A. No. 20-cv-07629-EMC
  (N.D. Cal. March 3, 2021) ........................................................................................................4

*Microsoft Corp. v. DataTern, Inc.*,
  755 F.3d 899 (Fed. Cir. 2014)..........................................................................................3, 4, 5, 9

I.      INTRODUCTION

Defendant SFA Holdings Inc.'s ("Saks") Motion to Stay—filed by and on behalf of its vendor and indemnitor Bamsbuser AB—is a jumble of disparate theories, conjecture, and misdirection while also being incorrect on the law. Bambuser has acknowledged its contractual obligation to defend Saks in this case, and accordingly, SITO's opposition to the motion to stay is directed, in the main, to Bambuser.

On the one hand, Bambuser says that the suit here against Saks (the first-filed case), filed four months *before* a declaratory-judgment action Bambuser filed in New Jersey (the second-filed case), is not the correct jurisdiction to resolve claims related to the asserted patents, but then, on the other hand, Bambuser makes clear that it has stepped in and is indemnifying Saks here in Texas. Given this admission, the law is clear that Bambuser was not entitled to file a retaliatory declaratory-judgment action in another jurisdiction seeking the same relief that it could have obtained here. For that reason, a stay is *not* appropriate here.

Bambuser also discusses some mythical litigation that has not occurred against another customer, Uniqlo, as a basis for its declaratory-judgment action in New Jersey, ignoring that SITO and Uniqlo were engaged in licensing discussions and ignoring that because the Saks suit was already on file here, it is irrelevant where another potential customer *might* be sued when that customer actually has not been sued at all. Simply put, Bambuser's speculation about Uniqlo is a red herring.

Finally, Bambuser claims that its filing of another suit on the same subject matter in a district that has never before seen these patents would be more efficient and would conserve judicial resources. Bambuser's strained logic makes no sense. Indeed, SITO has filed and resolved multiple actions in this jurisdiction on related patents to those asserted here, as well as

in other Texas jurisdictions on these same patents (one as recently as April 2023).[1] As such, the Western District of Texas is the jurisdiction that is already familiar with the subject matter of the asserted patents and the technology at issue. Placing the burden on the New Jersey court in a second-filed declaratory-judgment case to now learn the technology and become familiar with the asserted patents is wholly contradictory to the concept of conservation of judicial resources or efficiency.

And as the Federal Circuit has held, when the vendor has agreed to and is indemnifying a customer, the vendor cannot bring a declaratory-action in another court; instead, the controversy must be litigated in the first action. Accordingly, SITO respectfully requests this Court to deny Bambuser's/Saks' motion to stay, as the Texas action is the first-filed case, and the customer-suit exception does not apply to the circumstances here.

## II.     ARGUMENT

### A.    The customer suit exception does not apply because Bambuser has agreed to defend and indemnify Saks in the WDTX first-filed case.

The customer-suit exception to the first-to-file doctrine does not apply here because Bambuser admits, in no uncertain terms, that it has accepted its indemnification and defense obligations for Saks and is stepping in to fulfill those obligations here in Texas. *See* D.I. 10 at 1, 4 ("Bambuser, although not a party to the present action, has acknowledged its contractual obligation to defend Saks in this case."; "On or around September 8, 2023, based upon the information in the Complaint and the information provided by Saks, Bambuser agreed to defend

---

[1] *SITO Mobile R&D IP, LLC et al. v. Flosports, Inc.*, C.A. No. 6:20-cv-00471 (WDTX) (4/29/21); *SITO Mobile R&D IP, LLC et al. v. Blue Scout Media, LLC,* C.A. No. 6:20-cv-00910 (WDTX) (6/1/22); *SITO Mobile R&D IP, LLC et al. v. Rarefied Atmosphere, Inc.,* C.A. No. 6:21-cv-00414 (WDTX) (8/15/22); *SITO Mobile R&D IP, LLC et al. v. Zee Entertainment Enterprises Ltd. et al.,* C.A. No. 6:21-cv-00505 (WDTX) (6/16/22), and *SITO Mobile R&D IP, LLC et al. v. ExploreLearning, Inc.,* C.A. No. 4:23-:-cv-00348 *(EDTX) (10/27/2023)*.

2

Saks in relation to the above-captioned suit and indemnify Saks for any infringement by Bambuser's video-streaming product"). Because Bambuser has accepted its indemnification and defense obligations, and taking its allegations as true that it provides all the technology relevant to Saks, Bambuser cannot file a declaratory-judgment action in a second jurisdiction to circumvent this first-filed case and adjudicate the same claims as those in the first case. That is the Federal Circuit's holding in *Microsoft v. DataTern* and follow-on cases.

In *Microsoft v. DataTern*, a case with an analogous factual situation to the one here, Microsoft sought declaratory relief in a second action in the Southern District of New York in response to a first suit DataTern had previously filed in EDTX against two of Microsoft's customers. Microsoft invoked the customer-suit exception to the first-to-file rule, as Bambuser does here. But the Federal Circuit reversed the district court and stated:

> Importantly, even if there were such an obligation—to indemnify a customer already sued by the patentee in Texas—it would not justify what Appellees seek here. *A case has already been filed against these customers in the Eastern District of Texas. Appellees cannot seek a declaration from a New York court on behalf of customers they must indemnify where a suit against these very same customers on all the same issues was already underway in a Texas court. See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). *By agreeing to indemnify any one of their customers, Microsoft could defend its customers and efficiently and effectively participate in the Texas action.*

*Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) (emphasis added).

This is precisely the same situation here. Despite the already-pending first suit here in West Texas against Saks where Bambuser is indemnifying and defending Saks, Bambuser seeks the same relief in a second action in New Jersey.[2] Under *Microsoft*, Bambuser's/Saks' motion to

---

[2] On November 30, 2023, *before* Saks/Bambuser filed this present motion, SITO filed a motion to stay or in the alternative transfer the second-filed declaratory-judgment action under the first-to-file rule. *Bambuser AB v. SITO Mobile R&D IP, LLC et al.*, C.A. No. 2:23-cv-21757 (DNJ) (D.I. 10).

3

stay should be denied. The case in New Jersey should not proceed (or even been filed) because Bambuser is required to proceed here in Texas under its indemnification obligations.

Other courts regularly adhere to the ruling set forth in *Microsoft*. In *Finisar Corp., v. Capella Photonics, Inc.*, Finisar sought a declaratory-judgment in the Northern District of California with respect to numerous customers Capella had already sued in EDTX. Finisar argued that its later-filed declaratory-judgment action should take priority over Capella's suits against the Texas customers under the customer-suit exception to the first-to-file rule. Capella filed a motion to dismiss Finisar's declaratory-judgement complaint for lack of standing. Because the Court found Finisar's indemnification obligations were conclusory, it found Finisar lacked standing for the declaratory action and granted Capella's motion to dismiss. But of relevance to the situation here, the court stated with respect to the indemnification obligations:

> More importantly, *Finisar's indemnification obligations to its customers, assuming arguendo they exist, would allow Finisar to sue in the Eastern District of Texas, not this Court* . . . . Therefore, under *Microsoft*, if Finisar is required to indemnify the Texas Defendants, it has standing to defend them in the Texas Actions, not to file a declaratory judgment action here.

*Finisar Corp., v. Capella Photonics, Inc.*, 2021 U.S. Dist. LEXIS 41077, at *9-10, C.A. No. 20-cv-07629-EMC (N.D. Cal. March 3, 2021) (emphasis added). In other words, in a case where indemnification obligations exist, the first-filed jurisdiction is where any action by the vendor must be brought.

Similarly, in *Early Warning Services, LLC, v. William Grecia et. al*, C.A. No. 21-1050, (E.D. Pa. August 6, 2021), the Court relied on *Microsoft* stating:

> We follow the Court of Appeals for the Federal Circuit. Early Warning assumed the obligation to indemnify and defend Frost Bank—"a customer already sued by [Mr. Grecia]" in Texas. The Texas suit "was already underway" when Early Warning sued here two months after Mr. Grecia sued its indemnified customer in Texas, and the Texas suit involves the same patents and the same claimed products. As Early Warning has an obligation to indemnify Frost Bank against Mr. Grecia's claims, a case or controversy lies between Early Warning and Frost

4

Bank. But *Microsoft* instructs us Early Warning should litigate this controversy in connection with the first action.

*Early Warning Services, LLC, v. William Grecia et. al*, 2021 U.S. Dist. Lexis 147548, at *20-21, C.A. No. 21-1050 (E.D. Pa. August 6, 2021). Accordingly, *Microsoft* and its follow-on cases make clear that Bambuser cannot proceed in a second different jurisdiction when it has accepted the indemnification and defense obligations for a customer in the first jurisdiction, *i.e.*, the Western District of Texas. For that reason, Bambuser's/Saks' motion to stay should be denied.

Given the Federal Circuit's precedent in *Microsoft*, the cases Bambuser cites in support of its motion to stay are distinguishable; none of the bare customer-suit-exception cases Bambuser cites involve a situation where the vendor (here, Bambuser) accepted an indemnification and defense obligation for its first-sued customer (here, Saks). *See*, *e.g.*, D.I. 10 at 8. As noted previously, Bambuser admits in no uncertain terms that it has accepted and is indemnifying and defending Saks here in Texas. Therefore, Bambuser's attempt to stay this action under the customer-suit exception to the first-to-file rule in favor of a later-filed declaratory-judgement action in New Jersey has no support in the law.[3]

### B.   Bambuser's "second customer" arguments are irrelevant, speculative and wrong.

Bambuser makes much of what it terms as the "Second Customer," Uniqlo, as further justification for its unnecessary declaratory-judgment filing in New Jersey and for a stay here. *See* D.I. 10 at 4-5. But Bambuser fails to inform the Court of the facts surrounding Uniqlo, including that SITO and Unqilo, through its in-house counsel Mr. Aaron Weiss, actually engaged

---

[3] Bambuser claims that SITO did not mention the customer-suit exception in SITO's stay motion in New Jersey as if SITO were acting with some unfounded and underhanded purpose. But that is misguided and not true. SITO's motion to stay in New Jersey involves a straightforward application of the first-to-file rule, and as the Federal Circuit's holding in *Microsoft* demonstrates, the customer-suit exception is not relevant. *See* D.I. 10 at 5.

5

in settlement discussions. *See* Declaration of S. Maheshwari, at ¶9. Bambuser seeks to paint the letter and draft complaint SITO provided to Uniqlo as some sort of "threatening letter," but this is a strained effort to justify Bambuser's retaliatory declaratory-judgment filing. Indeed, the discussions between SITO and Uniqlo were amicable, and SITO expressly indicated that it was interested in keeping the discussions open. *Id.* at ¶10. That Uniqlo asked Bambuser to indemnify it does not lend credence to Bambuser's false assertion that there was some imminent threat of litigation.[4]

Bambuser also notes that the draft complaint sent to Uniqlo is an unfiled complaint. *See* D.I. 10 at 1. Contrast that with the complaint here in West Texas, which was filed and where there is an active case. It is then illogical and speculative that an unfiled complaint would supersede an already-filed action. Indeed, SITO filed suit against Saks in June 2023, well before the letter to Uniqlo was even sent in October 2023. Regardless, the entire "Second Customer" angle that Bambuser concocts is made for the sole reason of sowing confusion and creating a false apprehension of multiple suits being filed against customers of Bambuser.

In that regard, Bambuser makes a puzzling claim that it should not be forced to defend itself in "multiple suits around the country." This makes no sense for the simple reason that there are *no* other suits "around the country" apart from the declaratory-judgment action that Bambuser *itself* filed over four months after the instant first case was filed here. *Id*. at 2.

---

[4] Bambuser also feigns shock that SITO "without warning or prior discussion" filed a stay in New Jersey after refusing to consent to a stay here. *See* D.I. 10 at 5. Apart from the fact that the law compels this course of action here and denying Bambuser's stay motion, it appears the irony of Bambuser's statement is lost on Bambuser given that it was *Bambuser* who filed a declaratory-judgment action in New Jersey with no forewarning to SITO, despite being fully aware that SITO was engaged in settlement discussions with Saks and Uniqlo. *See* Declaration of S. Maheshwari, at ¶¶ 4-6, 9-10, 12. Indeed, Bambuser was aware of the Saks suit as early as August 22, 2023, over two months before it filed the declaratory-judgment action on November 1, 2022. *See* D.I. 10-1, at ¶¶ 5, 11.

6

    **C.**    **There are no judicial economy or efficiency concerns warranting a stay here; Bambuser is the party that has multiplied the litigation and created duplicative work for the courts and parties.**

Bambuser's claims of judicial economy are undercut by its own actions. Bambuser is the party that filed the second action in a different jurisdiction. And consistent with the holdings in *Microsoft v. Data Tern* and the follow-on district court cases, Bambuser could have easily (1) joined this action, or (2) filed a separate action here in West Texas, given that WDTX is where the case pertaining to the asserted patents was first filed and is already pending. WDTX is also the jurisdiction where SITO's patents have previously been asserted.[5] Clearly, SITO is willing to be subject to this Court's jurisdiction as evidenced by the several other cases SITO has filed here. Thus, Bambuser's claim that it filed in New Jersey because that is where SITO is located has little value. It is Bambuser who is the party that filed a later declaratory-judgment action in a completely new jurisdiction. This conduct does the opposite of promoting judicial economy and efficiency.

Bambuser's asserts that SITO's "surprise motion" to stay in New Jersey shows that SITO has no hesitation or difficulty litigating in New Jersey. *See* D.I. 10 at 5. But that is silly and has no merit. Indeed, the more logical assumption is that SITO *does* in fact object to litigating in New Jersey when the same patents were first asserted before this Court over four months before Bambuser's improper filing in the New Jersey action.

---

[5] As mentioned in footnote 1 above, it is important to note that the Western District of Texas is already familiar with SITO's patents and the technology at issue. Indeed, since 2020, SITO has been involved in four other actions in the Western District of Texas, in addition to this pending first-filed action against Saks. Thus, the judges in this district are well positioned to adjudicate the claims and defenses in this first-filed action against Saks, whom Bambuser is indemnifying and defending. It is unnecessary and wasteful to burden another judge in a different jurisdiction with the same issues.

7

Bambuser's self-servingly states that "[t]o avoid burdening this court," it approached SITO regarding a stay of this case before filing the instant motion. *Id.* But Bambuser, despite positioning itself as some model of virtue, fails to inform the Court that it never once reached out to SITO after it learned of this case against Saks, a customer it is indemnifying and defending here, before it rushed to file an improper retaliatory declaratory-judgment action in New Jersey and one that must yield to SITO's case here under *Microsoft v Data Tern*. For Bambuser to then feign concern about judicial economy or efficiency makes no sense. Jumping to file a second unnecessary suit in a different venue undercuts any claims that Bambuser is truly concerned, if at all, about judicial economy and efficiency.

Finally, Bambuser states that Saks is just a mere reseller of the accused technology. *Id.* at 8. But whatever nuance Bambuser is trying to put forward, a reseller is a customer. And as explained above in detail, under *Microsoft v. Data Tern*, the customer-suit exception to the first-to-file rule does not apply here.[6]

### D. Sak's motion to dismiss should be denied and is not relevant to this motion to stay.

As SITO explains in its opposition memorandum, Saks' concurrently-filed motion to dismiss should be denied. But in any event, that motion does not provide any support for Bambuser's motion for a stay; they are two separate motions with two distinct forms of relief. Moreover, as discussed in greater detail in SITO's opposition to Sak's dismissal motion, this Court has personal jurisdiction over Saks and venue in WDTX is proper. These allegations were

---

[6] Bambuser's motion is also peppered with numerous other red-herrings and factual inaccuracies. For example, Bambuser makes a random claim that staying the case here and allowing it to litigate in New Jersey would prevent SITO from "using its nuisance value settlement philosophy as a way of fomenting multiple litigations that cost more to defend than SITO demands as a settlement." D.I. 10 at 13. Apart from this unsupported and baseless statement attacking SITO, simple logic dictates that a resolution of the case here in WDTX would achieve the same result that Bambuser claims can only be achieved in New Jersey (the second-filed case).

8

detailed in the complaint filed against Saks. *See* D.I. 1, ¶ 8-16. As noted, Saks has a location in this district at 7400 San Pedro Ave., San Antonio, Texas, 78216. *Id.* at ¶ 8. Saks markets and advertises its products to customers in this district, including by offering the www.saksfifthavenue.com website where streaming videos can be accessed. *Id*. at ¶¶ 9-10. Indeed, on information and belief, customers in WDTX have accessed the www.saksfifthavenue.com website and streamed videos using the accused infringing technology. D.I. 1 at ¶¶ 11-12. And Saks also has numerous employees in this district who may have knowledge, documents, and information regarding the accused products Bambuser provides, including engineering managers. *Id.* at ¶ 16.

### E.   The traditional stay factors are not applicable in light of *Microsoft v. Data Tern*.

Bambuser provides a cursory analysis of why the general stay factors also support its motion for a stay. *See* D.I. 10 at 14-16. But under *Microsoft,* Bambuser is not entitled to litigate the same claims in a second-filed case in a different court when it has accepted the indemnification and defense obligation for Saks. The proper venue for Bambuser to litigate the claims is the location of the first-filed case, *i.e.*, WDTX. Therefore, just as the customer-suit factors are not applicable or relevant, the traditional stay factors are not relevant and have no applicability to, and provide no support for, Bambuser's motion to stay.

### III.   CONCLUSION

For the reasons stated above, this Court should deny Saks/Bambuser's motion to stay and proceed with SITO's first-filed action here which takes precedence over Bambuser's second-filed declaratory-judgment action.

January 10, 2024					Respectfully submitted,

							*/s/ Zachary H. Ellis*
							Zachary H. Ellis (State Bar No. 24122606)\*
							Ronald M. Daignault (*pro hac vice* to be filed)\*
							Chandran B. Iyer (*pro hac vice* to be filed)
							DAIGNAULT IYER LLP
							8618 Westwood Center Drive, Suite 150
							Vienna, VA 22182
							(512) 829-7992
							rdaignault@daignaultiyer.com
							cbiyer@daignaultiyer.com
							*\*Not admitted in Virginia*

							*Attorneys for Plaintiffs*
							*SITO Mobile R&D IP, LLC and SITO Mobile Ltd.*