IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SITO MOBILE R&D IP, LLC, and<br>SITO MOBILE, LTD.,<br><br>    Plaintiffs,<br><br>v.<br><br>SFA HOLDINGS INC. f/k/a/ SAKS<br>INCORPORATED,<br><br>    Defendant. | Case No. 1:23-cv-00688-RP |

**DEFENDANT SFA HOLDINGS INC.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS
THE COMPLAINT UNDER RULE 12(b)(2), 12(b)(3), & 12(b)(6)**

## **TABLE OF CONTENTS**

**I. INTRODUCTION**......................................................................................................... 1

**II. ARGUMENT**.................................................................................................................. 2

    A. SITO Effectively Concedes that Dismissal is Warranted
       Due to Lack of Personal Jurisdiction and Improper Venue ........................... 2

    B. Jurisdictional Discovery Is Not Appropriate Here ......................................... 4

    C. The Complaint's Lack of Specificity Fails to Meet the Pleading
       Standard for Complex Patents ....................................................................... 6

**III. CONCLUSION** ............................................................................................................ 7

# **TABLE OF AUTHORITIES**

**CASES**

*Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*,
　744 F. App'x 192 (5th Cir. 2018) .................................................................................... 3

*Fielding v. Hubert Burda Media, Inc.*,
　415 F.3d 419 (5th Cir. 2005) ........................................................................................... 4

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
　605 F. Supp. 3d 905 (W.D. Tex. 2022) ........................................................................... 6

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
　213 F.3d 841 (5th Cir. 2000) ....................................................................................... 4, 5

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
　No. 1:22-CV-1167-RP, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023),
　*reconsideration denied*,
　No. 1:22-CV-1167-RP, 2023 WL 6167604 (W.D. Tex. Sept. 21, 2023) .......................... 6, 7

*Monkton Ins. Servs., Ltd. v. Ritter*,
　768 F.3d 429 (5th Cir. 2014) ....................................................................................... 4, 5

*Nat'l Sur. Corp. v. Ferguson Enterprises, Inc.*,
　No. 3:13-CV-2045-M, 2014 WL 5472436 (N.D. Tex. Oct. 29, 2014) ............................ 4, 5

## I. INTRODUCTION

Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively, "SITO") do not, and cannot, dispute the facts provided by defendant SFA Holdings Inc. f/k/a Saks Incorporated ("Saks" or "Saks Holdings") that conclusively show that this Court does not have personal jurisdiction over Saks Holdings. Nor does SITO offer facts to show that venue is proper. The undisputed record shows that Saks Holdings has no presence in Texas and does no business in or with Texas. It would be enough to show that Saks Holdings does not have the relevant ties to this District, but Saks Holdings actually lacks those ties to *the entire state*. SITO does not even try to credibly dispute the facts provided by Saks Holdings on this point. Nor does SITO make any affirmative arguments as to why jurisdiction and venue are proper. Instead, SITO relies solely on the legally unsupported argument that the declaration of Saks Holdings' attorney Michael J. Zinna is not evidence of lack of jurisdiction because Mr. Zinna is outside counsel and not a Saks Holdings employee. (Dkt. 9-1 (the "Zinna Decl.")).[1] This choice of witness, SITO asserts, should result in the Zinna Decl. being entirely disregarded. SITO makes no other argument, and does not support this one with any legal authority.

There can be no question that a declaration submitted by an attorney representing Saks Holdings is admissible – especially where, as here, that attorney has authorization to speak on Saks Holdings' behalf, has represented Saks Holdings for over ten years, and has personal knowledge based on having represented Saks Holdings. In any event, simply to eliminate the need for the Court to dwell on SITO's nonsensical position, Saks Holdings now submits a reply affidavit from Thomas Obersteiner, the General Counsel and Corporate Secretary of Saks

---

[1] Saks Holdings is submitting herewith a corrective declaration by Mr. Zinna to correct a scrivener's error in paragraph 5 of the Zinna Decl. This error does not impact any of the other facts in the Zinna Decl., including those evidencing Saks Holdings' lack of contacts with Texas, which remain unchanged.

Holdings, confirming the key elements of the Zinna Declaration. (Affidavit of Thomas Obersteiner in Further Support of Defendant's Motion to Dismiss (the "Obersteiner Aff.")). The Obersteiner Aff. moots the question of whether the Zinna Decl. is sufficient.

It remains undisputed that Saks Holdings has no presence in this state or District, does no business in this state or District, and has no contact with this state or District. SITO does not credibly counter the facts that demand this conclusion. It follows that SITO does not dispute, and therefore effectively concedes, that this Court lacks personal jurisdiction over Saks Holdings, and that venue is improper in this district.

SITO also fails to rebut Saks Holdings' showing that the Complaint fails to state a claim. SITO's attempt to explain the adequacy of the screenshots SITO includes in the Complaint does not change the fact that the allegations in the Complaint merely parrot the language of the claim terms, or that this is impermissible under controlling law. SITO by its silence also concedes that it has not alleged which Accused Technology specifically infringes each Asserted Patent.[2] Consequently, SITO's allegations do not rise to the level of specificity required for patents as complex as those asserted by SITO and the Complaint should be dismissed on this basis as well.

II.     **ARGUMENT**

    A.     **SITO Effectively Concedes that Dismissal is Warranted Due to Lack of Personal Jurisdiction and Improper Venue**

Saks Holdings' opening brief demonstrated that this Court lacks personal jurisdiction over Saks Holdings and that venue is improper in this district because Saks Holdings has no offices in Texas, no employees in Texas, conducts no business in Texas, does not own or operate any stores in Texas, and does not own or operate any facilities of any kind in Texas. (Dkt. 9

---

[2] "Accused Technology" and "Asserted Patent" are both defined in Saks opening brief on page 3.

("Saks Br.") at 4-11). Saks Holdings originally provided evidentiary support for these facts through a declaration from its counsel, Michael J. Zinna, and now substantially repeats that same evidence through the Obersteiner Affidavit.

SITO does not dispute any of the legal authority cited by Saks Holdings, including authority supporting dismissal when a defendant submits facts that conclusively refute a plaintiff's allegations, and authority supporting the proposition that jurisdiction and venue are improper in this District when a defendant has no presence in or contacts with Texas. SITO does not dispute the facts contained within the Zinna Decl. or attempt to argue that despite these facts, jurisdiction and venue are proper. They are not.

SITO's sole response to the facts in the Zinna Decl. is to double-down on its unsupported allegations in the Complaint that jurisdiction and venue are proper, and assert that the Zinna Decl. should not be considered. SITO claims that the Court should ignore the uncontroverted evidence in the Zinna Decl. solely because Saks Holdings' outside counsel testified to such facts, and not someone internal to Saks Holdings. (Dkt. 15 ("SITO Br.") at 1-2, 5, 9). SITO cites to no law to support this argument.

There is no basis to disregard the Zinna Decl. just because Mr. Zinna is not an internal employee of Saks Holdings. *See Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 198 (5th Cir. 2018) (denying challenge to attorney declaration where court could infer that attorney had personal knowledge of matters in declaration).

In any event, to quickly and easily avoid the Court having to consider SITO's strange challenge to the competence of Saks Holdings' counsel to attest to these facts, Saks Holdings submits the affidavit of Thomas Obersteiner, the General Counsel and Corporate Secretary of Saks Holdings to dispense with SITO's claim that Saks Holdings' evidence is deficient because

3

it was not presented by someone internal to Saks Holdings. SITO cannot credibly dispute the competency of Mr. Obersteiner.

To the extent SITO asserts that an unauthenticated Dun & Bradstreet report shows that Saks Holdings does business as Saks Fifth Avenue, that assertion does nothing to change the undisputed fact that Saks Holdings has no presence in or contacts with Texas. (SITO Br. at 6). In fact, the report does not even mention Texas, let alone concern the ownership of stores in Texas or any business conducted in Texas. The report does nothing to change the fact that Saks Holdings has no offices in Texas, no employees in Texas, conducts no business in Texas, does not own or operate any stores in Texas, and does not own or operate any facilities of any kind in Texas. (Saks Br. at 4-11; Obersteiner Aff. ¶¶ 6-13).

### B.   Jurisdictional Discovery Is Not Appropriate Here

SITO's casual "request" for jurisdictional discovery (without any formal motion seeking same) should be denied as it does not even approach the showing required to obtain such discovery. A party seeking jurisdictional discovery "must make a 'preliminary showing of jurisdiction' before being entitled to such discovery." *Nat'l Sur. Corp. v. Ferguson Enterprises, Inc.*, No. 3:13-CV-2045-M, 2014 WL 5472436, at *1 (N.D. Tex. Oct. 29, 2014) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). The party opposing dismissal and requesting discovery "bear[s] the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Nat'l Sur. Corp.*, 2014 WL 5472436 at *1. SITO has done none of this.

Jurisdictional discovery "need not be permitted unless the motion to dismiss raises issues of fact." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "When the

4

lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.*; *Monkton*, 768 F.3d at 434 ("A plaintiff is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion") (quotation marks omitted).

Instead of making a formal motion for discovery, SITO devotes less than twenty words in its opposition brief to flippantly request jurisdictional discovery as alternative relief. (SITO Br. at 8, 10). This does not meet SITO's burden to demonstrate the necessity of jurisdictional discovery here. SITO does not identify what discovery it seeks, what facts would be obtained from that discovery, nor how such discovery would support personal jurisdiction. SITO makes no effort to describe its "requests" other than stating that "SITO should be granted the opportunity to conduct jurisdictional discovery." (*Id.*)  This is facially insufficient.

SITO also fails to make the preliminary showing of jurisdiction needed to be entitled to jurisdictional discovery. As discussed *supra*, SITO's allegations of jurisdiction and venue are conclusively refuted by Saks Holdings' uncontroverted facts showing that Saks Holdings has no presence in or contacts with Texas. SITO does not credibly dispute these facts, and its only "argument" is that the Court should not consider the relevant facts because they were supplied by Mr. Zinna. This argument is mooted by the Obersteiner Affidavit and without merit in any event.

SITO should not be allowed to engage in a wasteful fishing expedition when SITO has made no showing that any facts exist that could prevent dismissal. *Nat'l Sur. Corp.*, 2014 WL 5472436 at *3 ("The court need not allow a plaintiff to conduct a jurisdictional fishing expedition seeking facts to support a claim of general jurisdiction"). Furthermore, the undisputed record establishing Saks Holdings' lack of contacts with Texas shows that discovery would be

pointless. Accordingly, this Court should deny SITO's informal "request" for jurisdictional discovery.

### C. The Complaint's Lack of Specificity Fails to Meet the Pleading Standard for Complex Patents

SITO's attempt to explain the sufficiency of the screenshots used in its Complaint does not fix the inadequacy of SITO's allegations. As Saks Holdings demonstrated in its opening brief, notwithstanding SITO's insertion of technical terms tied to the screenshots, SITO's allegations are mere recitations of the claim language, which is not sufficient to meet the pleading standard for infringement. (Saks Br. at 13-16). This is especially true when dealing with complex patents with many claims, such as the patents and claims asserted by SITO. (Saks Br. at 13-14). This Court has held that a higher degree of complexity requires a higher level of specificity, which SITO fails to plead. *See LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, No. 1:22-CV-1167-RP, 2023 WL 2290291, at *4 (W.D. Tex. Feb. 27, 2023) (J. Pitman) (dismissing patent infringement suit involving complex technology where plaintiff failed to "show that infringement is a reasonable inference to draw," despite showing that "Defendants' technologies relate to the [patents] generally," which "amount[ed] to 'blanket assertions of infringement insufficient to put' Defendants on notice") (citing *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905 (W.D. Tex. 2022)), *reconsideration denied*, No. 1:22-CV-1167-RP, 2023 WL 6167604 (W.D. Tex. Sept. 21, 2023).

SITO does not dispute that it fails to specify which of the Accused Technology is implicated in each of SITO's claims, and instead relies on a conclusory statement for each claim that Saks Holdings directly infringes the Asserted Patent generally through use of the Accused Technology. (Saks Br. at 14). Accordingly, SITO's narrative allegations and screenshots do not provide sufficient detail to put Saks Holdings on notice about the limitations of each claim with

respect to which specific Accused Technology is implicated in each claim. This is grounds for dismissal. *See LS Cloud Storage Techs.*, 2023 WL 2290291 at *4.

SITO's indirect infringement claims are also conclusively refuted by the undisputed fact that Saks Holdings does no business in Texas and has no customers in Texas. Thus, SITO's indirect infringement claims should be dismissed as SITO cannot allege the presence of any customers in Texas for Saks Holdings to induce, which is a required element for indirect infringement.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss this case with prejudice.

Dated: January 31, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　KELLEY DRYE & WARREN LLP


By: */s/ Michael J. Zinna/*
Michael J. Zinna (admitted in W.D. Tex.)
Vincent M. Ferraro (admitted in W.D. Tex.)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: MZinna@kelleydrye.com
Email: VFerraro@kelleydrye.com

*Attorneys for Defendant*
*SFA Holdings Inc.*
*f/k/a/ Saks Incorporated*

## **CERTIFICATION OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on the date below all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and via email.

Dated: January 31, 2024

By: <i>/s/ Michael J. Zinna/</i><br>Michael J. Zinna